1

2

3

4

5

6                      IN THE UNITED STATES DISTRICT COURT

7

8                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

9   ROBERT HURLEY,

10              Plaintiff,                         No. C 05-05028 JSW

11      v.

12   PECHINEY PLASTIC PACKAGING, INC. a           **ORDER DENYING**
     California corporation, and DOES 1 through    **DEFENDANT'S MOTION TO**
13   100, inclusive,                              **DISMISS**

14              Defendants.

15   _____/

16          Now before this Court is the motion filed by defendant Pechiney Plastic Packaging, Inc.

17   ("Pechiney") to dismiss for failure to state a claim upon which relief can be granted under

18   Federal Rule of Civil Procedure 12(b)(6).  Having carefully reviewed the parties' papers and

19   considered their arguments and the relevant legal authority, and good cause appearing, the Court

20   hereby DENIES Pechiney's motion to dismiss.

21

22                              **FACTUAL BACKGROUND**

23          Plaintiff Robert Hurley ("Hurley") was employed by Pechiney as a press helper since

24   1997.  (Amend. Compl., ¶ 6.)  In August 2000, Hurley suffered a severe thumb injury in a non-

25   work related accident.  (*Id.*, ¶ 8.)  On June 1, 2000, he underwent the first of two reconstructive

26   surgeries on his thumb and informed Pechiney that he had a medical condition requiring

27   treatment and surgery.  (*Id.*, ¶ 10.)  On January 13, 2002, he informed Pechiney that he would

28

*United States District Court*

For the Northern District of California

1  need to see a doctor because he was experiencing severe gastrointestinal problems.  (*Id.*, ¶ 11.)

2  Hurley missed work from January 13, 2002 through January 15, 2002 and from February 25,

3  2002 through February 28, 2002 to receive treatment for and/or recuperate from these

4  gastrointestinal problems.  (*Id.*, ¶ 11.)

5

6          In August 2002, Hurley informed Pechiney that he needed to take time off to attend a

7  previously scheduled treatment for his thumb.  (*Id.*, ¶ 14.)  He provided Pechiney with four

8  forms from his doctor entitled "VISIT VERIFICATION/FAMILY LEAVE Health Care

9  Provider Certification."  (*Id.*, ¶ 15.)  The last of these, dated September 3, 2002, informed

10  Pechiney that Hurley could not use his left hand or grasp over five pounds, that he was

11  scheduled to undergo another surgery, and that he would return to work in four months.  (*Id.*)

12

13          On August 28, 2002, Pechiney sent Hurley a form entitled "Request for Family and

14  Medical Leave," to be completed and returned by September 15, 2002.  (*Id.*, ¶ 18.)  Hurley did

15  not receive the letter until September 18, 2002 because his wife at the time had arranged for

16  mail to be delivered to her flower shop.  (*Id.*)  On September 20, 2002, Hurley received a letter

17  from Aleena Lopez ("Lopez "), Pechiney's Human Resources Representative, stating that

18  Hurley's FMLA paperwork was overdue.  (*Id.*, ¶ 19.)  Hurley called Lopez that day and informed

19  her that his mother was in a medically-induced coma and his mother-in-law was dying of

20  cancer.  (*Id.*, ¶ 20.)  Hurley explained that due to the stress of these circumstances and the time

21  required to accompany his mother to her medical appointments and to attend his own, he forgot

22  to complete the FMLA paperwork.  (*Id.*)  Pechiney terminated Hurley's employment on

23  September 23, 2002.  (*Id.*, ¶ 23.)

24

25          On June 29, 2005, after obtaining a right to sue letter from the Department of Fair

26  Employment and Housing, Hurley filed a complaint in Alameda County Superior Court alleging

27

28

2

1  causes of action based on California state law, including breach of contract, age discrimination,

2  violation of California Government Code § 12940(a), tortious termination of employment, and

3  negligence.  (Compl., ¶¶ 1-27.)  On November 3, 2005, Hurley filed a first amended complaint

4  alleging causes of action based on California state law, including retaliation in violation of

5  California Family Rights Act ("CFRA"), interference with his CFRA rights, disability

6  discrimination, failure to accommodate his disability, failure to engage in the interactive process

7  pursuant to California Fair Housing and Employment Act ("FEHA"), wrongful termination in

8  violation of public policy, and violation of California Business and Professions Code § 17200.

9  (Amend. Compl., ¶¶ 1-64.)  On December 6, 2005, Pechiney removed the state court action to

10  this Court.  Pechiney now moves pursuant to Federal Rule of Civil Procedure 12(b)(6) for an

11  order dismissing Hurley's complaint for failure to state a claim.

### ANALYSIS

**A.    Legal Standards Applicable to Rule 12(b)(6) Motions to Dismiss.**

A motion to dismiss is proper under Rule 12(b)(6) where the pleadings fail to state a

claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  Motions to dismiss are

viewed with disfavor and are rarely granted.  *Hall v. City of Santa Barbara*, 833 F.2d 1270 (9th

Cir. 1986).  A complaint should not be dismissed under Rule 12(b)(6) "unless it appears beyond

doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him

to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  "A complaint may be dismissed for

one of two reasons: (1) lack of a cognizable theory or (2) insufficient facts under a cognizable

legal claim."  *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).  On a

motion to dismiss, the complaint is construed in the light most favorable to the non-moving

party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy*, 794

F.2d 478, 481 (9th Cir. 1986).

**B.    Pechiney's Motion to Dismiss.**

     **1.    Hurley Sufficiently States a Claim for Retaliation in Violation of CFRA.**

     Hurley alleges that Pechiney violated his CFRA rights by "improperly denying him leave

and instead terminating his employment as a result of his attempt to exercise rights under

CFRA." (Amend. Compl., ¶ 27.)  CFRA provides "protections to employees needing family or

medical leave." *Gibbs v. Am. Airlines, Inc*. 74 Cal. App. 4th 1, 6 (1999).  CFRA generally

provides that it is unlawful for an employer to refuse an employee's request for up to 12 weeks

of family care and medical leave in a year.  Cal. Gov't Code § 12945.2(a).  Such leave may be

taken "because of an employee's own serious health condition that makes the employee unable

to perform the functions of the position of that employee."  Cal. Gov't Code § 12945.2(c)(3)(C).

A "serious health condition" is defined by CFRA to mean "an illness, injury, impairment, or

physical or mental condition that involves either inpatient care in a hospital, hospice, or

residential health care facility or continuing treatment or continuing supervision by a health care

provider."  Cal. Gov't Code § 12945.2(c)(8).

     It is also unlawful for an employer "to refuse to hire, or to discharge, fine, suspend,

expel, or discriminate against, any individual because of (1) an individual's exercise of the right

to family care and medical leave provided by subdivision (a)."  Cal. Gov't Code § 12945.2(l)(1).

The administrative regulations promulgated under CFRA recognize the cause of action provided

for by subdivision (l)(1) as one for "retaliation."  2 CCR § 7297.7.  To state a claim for

retaliation in violation of CFRA, a plaintiff must allege: (1) the defendant was an employer

covered by CFRA; (2) the plaintiff was an employee eligible to take CFRA leave; (3) the

**United States District Court**

For the Northern District of California

1  plaintiff exercised her right to take leave for a qualifying CFRA purpose; and (4) the plaintiff

2  suffered an adverse employment action, such as termination, fine, or suspension, because of her

3  exercise of her right to CFRA leave. *Dudley v. Dep't of Transp.*, 90 Cal. App. 4th 255, 261

4  (2001).

5

6       Pechiney argues that Hurley failed to allege the third and fourth elements. (Mot. at 3.)

7  In essence, Pechiney contends that Hurley failed to provide sufficient notice of his need to take

8  leave and failed to timely return the required certification. (*Id.* at 3-4.) According to Pechiney,

9  Hurley was not entitled to take leave under CFRA, and thus, he cannot show he exercised his

10 right to take leave or that he was terminated in retaliation for taking such leave. (*Id.*) Under

11 CFRA, an employee is required to "provide the employer with reasonable advance notice of the

12 need for leave." Cal. Gov't Code § 12945.2(h). An employee "shall provide at least verbal

13 notice sufficient to make the employer aware that the employee needs CFRA qualifying leave,

14 and the anticipated timing and duration of the leave." 2 CCR § 7297.4(a)(1). The employee

15 need not expressly assert rights under CFRA or even mention CFRA to meet the notice

16 requirement. *Id.* The employee must, however, state the reason the leave is needed, such as for

17 medical treatment. *Id.*

18

19       Although the failure to give proper, timely notice may bar a claim for retaliation under

20 CFRA, *see McDaneld v. E. Mun. Water Dist. Bd.*, 109 Cal. App. 4th 702, 706 (2003) (citing

21 *Gibbs*, 74 Cal. App. 4th at 6-9), Hurley sufficiently alleges that he provided adequate notice.

22 Hurley alleges that he provided notice of his need for leave to seek treatment for gastrointestinal

23 problems and a thumb injury. (Amend. Compl., ¶¶ 10, 11, 14, 15.) Therefore, the Court denies

24 Pechiney's motion to dismiss Hurley's claim for retaliation in violation of CFRA.

**United States District Court**

For the Northern District of California

**2.      Hurley Sufficiently States a Claim for Interference in Violation of CFRA.**

Hurley alleges that Pechiney interfered with his CFRA rights by using an attendance policy to discourage Hurley from exercising his CFRA rights, by misrepresenting the law to deny Hurley CFRA protections, by failing to inform him of his entitlement to invoke CFRA, and by refusing to give Pechiney a reasonable amount of time to return the FMLA forms. (Amend. Compl., ¶ 32.)

Unlike FMLA, CFRA does not contain an express regulation prohibiting "interference " with CFRA rights.  However, California courts have held that the same standards apply to CFRA and FMLA claims. *Dudley*, 90 Cal. App. 4th at 261; *see also Pang v. Beverly Hospital, Inc.*, 79 Cal. App. 4th 986, 993 (2000).  In addition, the California Code of Regulations provide that "to the extent the FMLA regulations are not inconsistent with the this subchapter, other state law or the California Constitution, the Commission incorporates the federal regulations interpreting FMLA which govern any FMLA leave which is also a leave under this subchapter." Cal. Gov't Code § 7297.10.  Therefore, the Court will look to other courts' analyses of interference claims under FMLA and apply the same standards to Hurley's interference claim under CFRA.

Under FMLA, it is unlawful for any employer "to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter."  29 CFR § 825.220(a)(1).  "[A]n employer interferes with an employee's rights under FMLA by 'refusing to authorize FMLA leave' and 'discouraging an employee from using such leave.'"  *Xin Liu v. Amway Corp*, 347 F.3d 1125, 1134 (9th Cir. 2003) (citing 29 CFR § 825.220(b)).  To state a claim for interference, a plaintiff must allege the following: (1) he is an eligible employee; (2) his employer is an employer under the FMLA; (3) he was entitled to take leave; (4) he gave

notice of his intention to take leave; and (5) the defendant denied him the benefits to which he was entitled under the FMLA. *Price v. Multnomah County*, 132 F. Supp. 2d 1290, 1297 (D. Or. 2001).

Pechiney argues that Hurley fails to state a claim of interference because Pechiney provided ample opportunity for Hurley to avail himself of CFRA leave and he failed to provide timely certification as Pechiney requested. (Mot. at 5.) Under CFRA regulations, the employer shall respond to a CFRA leave request as soon as practicable and in any event no later than ten calendar days after receiving the request. 2 CCR § 7297.4(a)(6). As a condition of granting a leave for an employee's serious health condition, the employer may require certification of the condition. 2 CCR § 7297.4(b)(2). He may "require that the employee provide certification within fifteen calendar days of the employer's request for such certification, unless it is not practicable for the employee to do so despite the employee's good faith efforts." 2 CCR § 7297.4(b)(3). "This means that, in some cases, the leave may begin before the employer receives the certification." *Id.* Hurley alleges that it was not practicable for him to complete the certification by Pechiney's deadline despite his good faith efforts to do so because of mail delivery and family illness problems and that Pechiney denied him the benefits to which he was entitled. (Amend. Compl., ¶¶ 18, 20, 32.) Accordingly, Hurley sufficiently alleges compliance with this requirement. Therefore, the Court denies Pechiney's motion to dismiss Hurley's claim for interference in violation of CFRA.

**3.      Hurley Sufficiently States a Claim for Discrimination in Violation of FEHA.**

Hurley contends that Pechiney "unlawfully discriminated against [him] by terminating his employment based on his disability, in violation of FEHA." (Amend. Compl., ¶ 37.) Pechiney moves to dismiss the discrimination claim based on its contention that Hurley "has not

United States District Court

For the Northern District of California

7

1    alleged facts establishing that he had a disability covered by [FEHA]." (Mot. at 5.)  In addition,

2    Pechiney contends that Hurley failed to allege that he was otherwise qualified to do his job. (*Id.*

3    at 6.)

4

5            To state a claim of discrimination under the FEHA, a plaintiff must allege (1) he

6    suffered from a disability, (2) he was otherwise qualified to do his job, and (3) he was subjected

7    to adverse employment action because of his disability.  *Diaz v. Fed. Express,* 373 F. Supp. 2d

8    1034, 1063 (C.D. Cal. 2005).  A physical disability under FEHA is defined as an impairment

9    that (1) affects one or more of the following body systems: neurological, immunological,

10   musculoskeletal, special sense organs, respiratory . . . cardiovascular, reproductive, digestive,

11   genitourinary, hemic and lymphatic, skin, and endocrine; and (2) limits an individual's ability to

12   participate in a major life activity.  Cal. Gov't Code § 12926(k)(1); *Bryan v. United Parcel*

13   *Serv.*, 207 F. Supp. 2d 1108, 1111 (2004).  An impairment limits a major life activity if it makes

14   the achievement of the major life activity difficult.  Cal. Gov't Code § 12926(k)(1)(B)(ii).

15   Working is recognized as a major life activity, regardless of whether the actual or perceived

16   working limitation implicates a particular employment or a class or broad range of

17   employments.  *Id.* at § 12926(c)(1).  In order to meet the "otherwise qualified" prong of the

18   discrimination case, a plaintiff must be able to perform the essential functions of the position at

19   issue with or without reasonable accommodation.  *Diaz*, 373 F. Supp. 2d at 1060.

20

21           Here, Hurley alleges that he suffered from a severe thumb injury that prevented him

22   from attending work, that he had a "strong performance record" prior to incurring this disability,

23   and that he was terminated because of the disability.  (Amend. Compl., ¶¶ 7, 15, 23, 37.)

24   Therefore, the Court finds that Hurley sufficiently alleges a claim for discrimination in violation

25   of FEHA and denies Pechiney's motion to dismiss on this basis.

*(left margin, vertical text)* United States District Court   For the Northern District of California

**United States District Court**

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### 4.   Hurley Sufficiently States a Claim for Failure to Engage in Interactive Process in Violation of FEHA.

Hurley alleges that Pechiney "failed to engage in a timely, good faith interactive process with [him] to determine effective reasonable accommodations for his known disability or medical condition." (Amend. Compl., ¶ 42.)  Pechiney moves to dismiss Hurley's failure to engage in the interactive process claim based on its contention that Hurley "failed to allege facts which establish that [he] had a known physical disability or medical condition for which he made a request to Pechiney for a reasonable accommodation."  (Mot. at 6.)

It is an unlawful employment practice for "an employer to fail to engage in a timely, good faith, interactive process with the employee or applicant to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee or applicant with a known physical or mental disability or known medical condition."  Cal. Gov't Code § 12940(n).  FEHA requires that employers and employees engage in a good-faith interactive process to explore reasonable accommodation.  *Velente-Hook v. Easter Plumas Health Care*, 368 F. Supp. 2d 1084, 1097 (E.D. Cal. 2005).  The standard for FEHA violations for failure to engage in the interactive process tracks the standard for the ADA violations.  *Id*. "'The interactive process is a mandatory rather than a permissive obligation on the part of employers under the ADA.'"  *Jensen v. Wells Fargo Bank*, 85 Cal. App. 4th 245, 261 (2000) (quoting *Barnett v. U.S. Air, Inc.*, 228 F.3d 1105, 1114 (9th Cir. 2000)).  This obligation is "'triggered by an employee . . . giving notice of the employee's disability and the desire for accommodation.'"  *Id.* (quoting *Barnett*, 228 F.3d at 1114).  The process requires good faith communication by both parties as a means of achieving the shared goal of identifying an accommodation that would enable the employee to perform his job effectively.  *Id.*  "Employers, who fail to engage in the interactive process in good faith, face liability for the remedies

9

imposed by the statute if a reasonable accommodation would have been possible." *Humphrey v. Mem'l Hosps. Ass'n*, 239 F.3d 1128, 1137-38 (9th Cir. 2001).

Hurley alleges that he gave Pechiney notice of his disability and his desire for accommodation, such as time off from work, and that Pechiney failed to engage in a timely, good faith interactive process. (Amend. Compl., ¶¶ 10, 11, 14, 15, 42.) Therefore, the Court finds that Hurley sufficiently alleges a claim for failure to engage in the interactive process in violation of FEHA and denies Pechiney's motion to dismiss on that basis.

**5.      Hurley Sufficiently States a Claim for Failure to Provide Reasonable Accommodation.**

Hurley alleges that he "made a request for reasonable accommodation based on his own serious disability or health condition" and that Pechiney "did not attempt to reasonably accommodate [him], and instead, terminated him from employment." (Amend. Compl., ¶¶ 47, 48.)

Pechiney argues that Hurley's cause of action is time-barred by FEHA's one year statute of limitations. (Mot. at 7.) Under FEHA, the complainant must file an administrative charge within one year after the alleged unlawful practice occurred. Cal. Gov't Code § 12960. Here, Hurley alleges that Pechiney denied his requests for reasonable accommodation of his disability from August 2002 through September 23, 2002. (Amend. Compl., ¶¶ 14-23.) He also alleges that he filed his complaint with the Department of Fair Employment and Housing on July 15, 2003, within a year after the alleged unlawful practice occurred. (*Id.*, ¶ 24.) Because Pechiney filed his administrative complaint within one year, his complaint here is not barred by the FEHA statute of limitations.

United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Pechiney also argues that the cause of action should be dismissed based on the contention that Hurley "has not alleged facts which show that he had a covered disability, that the disability was known to [him] or that a reasonable accommodation could be made." (Mot. at 7.)  Under California Government Code § 12940(m), it is "an unlawful employment practice for an employer . . . to fail to make reasonable accommodation for the known physical or mental disability of an applicant or employee."  In order to state a claim for failure to accommodate, a plaintiff must allege that he suffers from a disability covered by the FEHA. *Bagatti v. Dep't of Rehab.*, 97 Cal. App. 4th 344, 361 (2002).  A plaintiff need not show that he is a qualified individual within the meaning of 42 U.S.C. § 12111. *Id.*  In addition, a plaintiff need not establish that an adverse employment action was taken against him. *Id.*  Here, Hurley claims that he suffered from a severe thumb injury that prevented him from attending work.  (Amend. Compl., ¶ 15.)  Therefore, the Court finds that Hurley sufficiently alleges a claim for failure to reasonably accommodate in violation of FEHA and denies Pechiney's motion to dismiss on that basis.

> **6.**  **Hurley Sufficiently States a Claim for Wrongful Termination in Violation of Public Policy.**

Hurley alleges that Pechiney terminated him in violation of the public policies against terminating employees for exercising their right to take family medical leave and against employer discrimination based on a known disability of medical condition of employees codified in CFRA and FEHA, respectively.  (Amend. Compl., ¶¶ 52 -55.)  Pechiney argues for the dismissal of the wrongful termination claim based on the contention that Hurley "has failed to allege sufficient facts to state a cause of action for any of his FEHA or CFRA claims." (Mot. at 8.)

United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

To state a claim for termination in violation of public policy an employee must allege (1) an employer-employee relationship; (2) termination of employment; (3) the termination was a violation of public policy; (4) the termination was the legal cause of the plaintiff's damages; and (5) damages. *Tameny v. Atl. Richfield Co.,* 27 Cal. 3d 167, 172 (1980).  A tortious discharge claim requires that the employee be discharged in violation of a policy that is "(1) delineated in either constitutional or statutory provisions; (2) 'public' in the sense that it 'insures to the benefit of the public' rather than serving merely the interests of the individual; (3) well established at the time of discharge; and (4) substantial and fundamental." *Stevenson v. Superior Court*, 16 Cal. 4th 880, 887-90 (1997).  Discharge in violation of CFRA has been held, as a matter of law, to constitute wrongful discharge in violation of public policy. *Nelson v. United Techs.*, 74 Cal. App. 4th 597, 612 (1999).  In addition, "FEHA provisions may provide the policy basis for a claim for wrongful termination in violation of public policy." *Trop v. Sony Pictures Entm't Inc.*, 129 Cal. App. 4th 1133, 1144 (2005).

Here, Hurley alleges that he and Pechiney were in an employer-employee relationship, that his employment was terminated, that the termination was a violation of CFRA and FEHA, that the termination was the legal cause of his damages, and that he suffered damages.  (Amend. Compl., ¶¶ 6, 23, 53-56.)  As discussed above, the Court finds that Hurley sufficiently alleges his claims under CFRA and FEHA.  Accordingly, the Court denies Pechiney's motion to dismiss Hurley's claim for wrongful termination in violation of public policy.

**7.    Hurley Sufficiently States a Claim for Unfair Business Practices**.

Hurley contends that Pechiney's attendance policy "on its face and as implemented" violates CFRA and FEHA, that it causes damage to Pechiney's employees and competitors, and that it is an unfair business practice.  (Amend. Compl., ¶¶ 60-63.)  Pechiney argues that the

United States District Court

For the Northern District of California

1    claim for unfair business practices should be dismissed because it gave Hurley notice of his

2    rights, provided Hurley with certification documents and sufficient time to have them

3    completed, and reminded Hurley to turn in the documents.  (Mot. at 9.)

4

5        Business and Professions Code § 17200 defines unfair competition as "any unlawful,

6    unfair, or fraudulent business act or practice."  To state a claim for unfair competition, a plaintiff

7    must allege that the practice is either unlawful, unfair, or fraudulent.  *Albillo v. Intermodal*

8    *Container Servs., Inc.*, 114 Cal. App. 4th 190, 206 (2003).  Section 17200 is interpreted broadly

9    and allows lawsuits based on the public's right to protection from fraud, deceit and other

10   unlawful conduct, as well as actions aimed at anticompetitive business practices.  *Cmty.*

11   *Assisting Recovery, Inc. v. Aegis Sec. Ins. Co.,* 92 Cal. App. 4th 886, 891 (2001).  Whether any

12   particular conduct is a business practice within the meaning of § 17200 is a question of fact

13   dependant on the circumstances of each case.  *Id.* at 895.  Unlawful business activity includes

14   "'anything that can properly be called a business practice and that at the same time is forbidden

15   by law.'"  *Farmers Ins. Exch. v. Superior Court*, 2 Cal. 4th 377, 383 (1992) (citing *Barquis v.*

16   *Merchants Collection Ass'n*, 7 Cal. 3d 94, 113 (1972)).  Unfair simply means any practice

17   whose harm to the victim outweighs any benefits.  *Olsen v. Breeze, Inc.*, 48 Cal. App. 4th 608,

18   618 (1996).  "The court must weigh the utility of the defendant's conduct against the gravity of

19   the harm to the alleged victim."  *Gafcon, Inc. v. Ponsor & Assocs.*, 98 Cal. App. 4th 1388, 1425

20   n.15 (2002).

21

22       Although CFRA and FEHA do not explicitly prohibit employer use of attendance

23   policies, Hurley alleges that Pechiney's implementation of that policy violates CFRA and

24   FEHA.  (Amend. Compl., ¶ 60.)  In addition, Hurley alleges that the attendance policy is an

25   unfair business practice and that it causes damage to Pechiney's employees and competitors.

13

(Amend. Compl., ¶¶ 62, 63.)  In order to state a claim for unlawful and unfair business practices in violation of Business and Professions Code § 17200, Hurley must allege violations of CFRA and FEHA.  As discussed above, the Court finds that Hurley sufficiently alleges his claims under CFRA and FEHA.  Therefore, the Court denies Pechiney's motion to dismiss Hurley's claim for unfair business practices.

## CONCLUSION

For the foregoing reasons, the Court denies Pechiney's motion to dismiss.

**IT IS SO ORDERED.**

Dated: March 16, 2006

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE