MARGARET ROSENTHAL (SBN 147501)
SABRINA L. SHADI (SBN 205405)
JENKENS & GILCHRIST, LLP
12100 Wilshire Boulevard, 15th Floor
Los Angeles, California 90025-7120
Telephone:   (310) 820-8800
Facsimile:   (310) 820-8859
Email: mrosenthal@jenkens.com
Email: sshadi@jenkens.com
Email: nbellroth@jenkens.com

Attorneys for Defendant
PECHINEY PLASTIC PACKAGING, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HURLEY, | Case No. CV05-05028 JSW |
| Plaintiffs, | **AMENDED STIPULATION RE PRODUCTION BY THE SOCIAL SECURITY ADMINISTRATION OF RECORDS REGARDING ROBERT HURLEY TO AGENT MVP DOCUMENT IMAGING; [PROPOSED] ORDER** |
| vs. | |
| PECHINEY PLASTIC PACKAGING, INC., a California corporation, and DOES 1 through 100, inclusive, | |
| Defendants. | |

1   This Stipulation is entered into by Defendant Pechiney Plastic Packaging, Inc. ("Pechiney") and Plaintiff Robert Hurley ("Hurley"), by and through their respective counsel of record.

**WHEREAS,** on June 2, 2006 and September 28, 2006, Pechiney served Requests for Production of Documents on Hurley.

**WHEREAS,** Hurley has obtained documents from the Social Security Administration ("SSA") which are responsive to Pechiney's Document Requests and which have not been produced (the "Responsive Documents").

**WHEREAS,** SSA maintains additional documents pertaining to Robert Hurley and a finding that he is totally and permanently disabled which have not been produced to Pechiney.

**WHEREAS,** SSA will not release any records to Pechiney or Hurley's counsel without Hurley providing written authorization for the release of records.

**THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between plaintiff Robert Hurley and Defendant Pechiney Plastic Packaging, through their counsel of record, that:

1. Upon counsel's execution of this stipulation, Hurley will immediately produce the Responsive Documents to Pechiney, subject to the terms of the Stipulation for Protective Order which is attached hereto as Exhibit A.

2. In order to facilitate further responses to Pechiney's document requests, Hurley will release his SSA file to MVP Document Imaging ("MVP") by signing an authorization entitled "Authorization to Release Records and Information" which is attached hereto as Exhibit B.

3. Pursuant to the attached authorization form, MVP will copy Hurley's SSA file, affix Bates Numbers to the documents in the file, advise counsel of the Bates

1

STIPULATION RE RELEASE OF ROBERT HURLEY RECORDS

LOS ANGELES 327565v1 52218-00023

range of the documents MVP has reproduced and then provide copies of the documents to Anthony Sperber, counsel for Hurley.

4. Upon receipt of the SSA file from MVP, Sperber will review and produce documents from Hurley's SSA file to Pechiney. If any documents are withheld by Sperber from the production to Pechiney, he will provide a log providing the Bates numbers for each document withheld, a description of the document and an explanation as to why it is being withheld from Pechiney.

5. Sperber will use all diligence to review and produce documents to Pechiney as soon as practicable in order to prevent any avoidable delay to discovery completion and potential filing of motions.

6. Counsel will meet and confer regarding any withheld documents, and if the parties cannot resolve any disputes regarding withheld documents, they will submit their dispute to the Honorable Judge James pursuant to the Notice of Reference filed on November 2, 2006.

DATED: November 17, 2006            JENKENS & GILCHRIST, LLP


                                    *[signature]*
                                    MARGARET ROSENTHAL
                                    SABRINA L. SHADI
                                    Attorneys for Defendant
                                    PECHINEY PLASTIC PACKAGING, INC.


DATED: November ___, 2006           LAW OFFICE OF A.J. SPERBER


                                    _____
                                    ANTHONY J. SPERBER
                                    Attorney for Plaintiff ROBERT HURLEY

---

2

**ORDER**

LOSANGELES 327565v1 52218-00023

range of the documents MVP has reproduced and then provide copies of the documents to Anthony Sperber, counsel for Hurley.

4. Upon receipt of the SSA file from MVP, Sperber will review and produce documents from Hurley's SSA file to Pechiney. If any documents are withheld by Sperber from the production to Pechiney, he will provide a log providing the Bates numbers for each document withheld, a description of the document and an explanation as to why it is being withheld from Pechiney.

5. Sperber will use all diligence to review and produce documents to Pechiney as soon as practicable in order to prevent any avoidable delay to discovery completion and potential filing of motions.

6. Counsel will meet and confer regarding any withheld documents, and if the parties cannot resolve any disputes regarding withheld documents, they will submit their dispute to the Honorable Judge James pursuant to the Notice of Reference filed on November 2, 2006.

DATED: November __, 2006          JENKENS & GILCHRIST, LLP


_____
MARGARET ROSENTHAL
SABRINA L. SHADI
Attorneys for Defendant
PECHINEY PLASTIC PACKAGING, INC.

DATED: November 17, 2006          LAW OFFICE OF A.J. SPERBER

_____
ANTHONY J. SPERBER
Attorney for Plaintiff ROBERT HURLEY

# ORDER

This matter having come before the Court on the foregoing stipulation and good cause appearing therefore, **IT IS HEREBY ORDERED** as follows:

1. Upon counsel's execution of this stipulation, Hurley will immediately produce the Responsive Documents to Pechiney, subject to the terms of the Stipulation for Protective Order which is attached hereto as Exhibit A.

2. In order to facilitate further responses to Pechiney's document requests, Hurley will release his SSA file to MVP Document Imaging ("MVP") by signing an authorization entitled "Authorization to Release Records and Information" which is attached hereto as Exhibit B.

3. Pursuant to the attached authorization form, MVP will copy Hurley's SSA file, affix Bates Numbers to the documents in the file, advise counsel of the Bates range of the documents MVP has reproduced and then provide copies of the documents to Anthony Sperber, counsel for Hurley.

4. Upon receipt of the SSA file from MVP, Sperber will review and produce documents from Hurley's SSA file to Pechiney. If any documents are withheld by Sperber from the production to Pechiney, he will provide a log providing the Bates numbers for each document withheld, a description of the document and an explanation as to why it is being withheld from Pechiney.

5. Sperber will use all diligence to review and produce documents to Pechiney as soon as practicable in order to prevent any avoidable delay to discovery completion and potential filing of motions.

6. Counsel will meet and confer regarding any withheld documents, and if the parties cannot resolve any disputes regarding withheld documents, they will

LOSANGELES 327565v1 52218-00023

1  submit their dispute to the Honorable Judge James pursuant to the Notice of

2  Reference filed on November 2, 2006.

3

4

5  DATED: November 29, 2006

6  Honorable Maria-Elena James
   UNITED STATES MAGISTRATE
7  JUDGE

IT IS SO ORDERED
Judge Maria-Elena James

MARGARET ROSENTHAL (SBN 147501)
SABRINA L. SHADI (SBN 205405)
JENKENS & GILCHRIST, LLP
12100 Wilshire Boulevard, 15th Floor
Los Angeles, California 90025-7120
Telephone: (310) 820-8800
Facsimile: (310) 820-8859
Email: mrosenthal@jenkens.com
Email: sshadi@jenkens.com

Attorneys for Defendant
PECHINEY PLASTIC PACKAGING, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HURLEY,<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>PECHINEY PLASTIC PACKAGING, INC., a California corporation, and DOES 1 through 100, inclusive,<br><br>　　　　　　Defendants. | Case No. C 05-05028 JSW<br><br>STIPULATION FOR PROTECTIVE ORDER REGARDING PRODUCTION OF CERTAIN DOCUMENTS AND [PROPOSED] ORDER THEREON |

IT IS HEREBY STIPULATED AND AGREED by and between Robert Hurley and Pechiney Plastic Packaging, Inc., through their respective attorneys of record, that the following shall govern the handling of documents, deposition transcripts, and other materials filed, produced or otherwise disclosed in the above-captioned matter ("Case Material").

/ / /
/ / /
/ / /
/ / /
/ / /

EXHIBIT A

1

*Stipulation for Protective Order Regarding Production Certain Documents and (Proposed) Order Thereon*

LOSANGELES 327278v1 52218-00023

1. Designation of Confidential Material.

   (a) Case Material may be designated as confidential when the designating party in good faith believes it constitutes, reflects or contains non-public financial, personal, or business information ("Confidential Material"). Parties may designate Confidential Material of a highly confidential and/or proprietary nature as "Attorney's Eyes Only" ("Attorney's Eyes Only Material"). Attorney's Eyes Only Material, and the information contained therein, shall be disclosed only to the Court, to counsel for the parties (including the paralegal, clerical, and secretarial staff employed by such counsel) and to consultants, investigators and experts and such other persons as set forth in paragraph 6 below.

   (b) Designation of any Confidential Material shall be made by placing or affixing on the document or other material in a manner which will not interfere with its legibility the word "CONFIDENTIAL" or the words "CONFIDENTIAL - ATTORNEY'S EYES ONLY."

   (c) To the extent possible, the designation of Case Material as confidential shall be made prior to, or contemporaneously with, the production or disclosure of that material. In the event that confidential Case Material is inadvertently not designated as Confidential Material, the receiving party, upon notice from the originating party, will designate and treat the material as Confidential Material from that point forward.

2. Deposition Transcripts and Videotapes.

   (a) Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives shall be deemed Confidential Material or Attorney's Eyes Only Material if they are designated as such when the deposition is taken.

   (b) Any portion of any deposition that uses or refers to Confidential Material or Attorney' Eyes Only Material shall automatically be deemed as such without the necessity of having counsel so designate.

   (c) In addition to the above provisions, counsel for the parties shall have 30 days from the date of receipt of any deposition transcript or videotape to designate any portion of such transcript or videotape as Confidential Material or Attorney's Eyes Only Material.

3. <u>Scope of Protective Order.</u>

Any Case Material designated as Confidential Material or Attorney's Eyes Only Material under the Protective Order shall not be used or disclosed by the parties or counsel for the parties or any other persons receiving any such materials pursuant to the terms hereof (including persons identified in paragraphs 4 and 6 below) for any purposes whatsoever other than preparing for and conducting the litigation in which the materials were disclosed (including appeals).

4. <u>Disclosure of Confidential Material.</u>

The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Material under the Protective Order to any other person or entity, except that disclosures may be made as follows:

(a) Disclosure may be made to counsel (including in-house counsel) and employees of counsel for the parties only to the extent that such persons have direct functional responsibility for the preparation and trial of the lawsuit (or any appeal therefrom). Any such employee to whom counsel for the parties makes a disclosure shall be advised of, and become subject to, the provisions of the Protective Order requiring, among other things, that the Confidential Material be held in confidence.

(b) Disclosure may be made to parties and employees of a party only to the extent that the party believes in good faith that such employee is required to provide assistance in the conduct of the litigation. Any such employees must be identified in writing to counsel for the other parties in advance of the disclosure of Confidential Material to such employees. Any such person shall be advised by the disclosing party of the Protective Order and shall be subject to the provisions hereof requiring, among other things, that Confidential Material be held in confidence.

(c) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Prior to disclosure to any such court reporter or person engaged in making

3

*Stipulation for Protective Order Regarding Production of Certain Documents and (Proposed) Order Thereon*

LOSANGELES 327278v1 52218-00023

photocopies of documents, such person must agree to be bound by the terms of the Protective Order.

(d) Disclosure may be made to consultants, investigators, or experts retained by counsel to provide assistance in the conduct of the litigation (hereinafter referred to collectively as "experts"). Prior to disclosure to any expert, such expert must agree to be bound by the provisions of the Protective Order.

(e) Disclosure may be made to witnesses at deposition in the preparation and trial of the lawsuit only if they agree to be bound by the Protective Order. Prior to disclosure to any witness, the witness must be informed of and agree to be subject to the provisions of the Protective Order requiring, among other things, that Confidential Material be held in confidence. If Confidential Material is disclosed to a witness, and is so designated by the counsel disclosing the Confidential Material, unless the witness objects, a witness shall be deemed to have agreed to be subject to the Protective Order.

5. Disclosure to Persons Other than Counsel and Parties.

Each person given access to Confidential Material pursuant to paragraphs 4(c) through 4(e) and/or Attorney's Eyes Only Material pursuant to paragraphs 6(b) through 6(d) shall be advised in advance that such Confidential Material and/or Attorney's Eyes Only Material is being disclosed subject to the terms of the Protective Order. Before being provided with a copy of any Confidential Material, each such person shall be provided with a copy of the Protective Order entered on this Stipulation and shall execute a non-disclosure agreement in conformity with Attachment A of this Stipulation.

Confidential Material or Attorney's Eyes Only Material may not be disclosed to a business competitor of any party.

6. Disclosure of Attorney's Eyes Only Material.

The parties and counsel for the parties shall not disclose or permit the disclosure of any Attorney's Eyes Only Material to any other person or entity, except that disclosures may be made as follows:

4

1      (a)    Disclosure may be made to counsel and employees of counsel for the parties only to the extent that such persons have direct functional responsibility for the preparation and trial of the lawsuit (or any appeal therefrom).  Any such employee to whom counsel for the parties makes a disclosure shall be advised of, and become subject to, the provisions of the Protective Order requiring, among other things, that the Attorney's Eyes Only Material be held in confidence.

    (b)    Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents.  Prior to disclosure to any such court reporter or person engaged in making photocopies of documents, such person must agree to be bound by the terms of the Protective Order.

    (c)    Disclosure may be made to consultants, investigators, or experts retained by counsel to provide assistance in the conduct of the litigation (hereinafter referred to collectively as "experts").  Prior to disclosure to any expert, such expert must agree to be bound by the provisions of the Protective Order.

    (d)    Disclosure may be made to witnesses at deposition in the preparation and trial of the lawsuit only if they agree to be bound by the Protective Order.  Prior to disclosure to any witness, the witness must be informed of and agree to be subject to the provisions of the Protective Order requiring, among other things, that Attorney's Eyes Only Material be held in confidence.  If Attorney's Eyes Only Material is disclosed to a witness, and is so designated by the counsel disclosing Attorney's Eyes Only Material, unless the witness objects, a witness shall be deemed to have agreed to be subject to the Protective Order.

7. <u>Possession and Security of Material.</u>

Except as provided in paragraphs 4 through 6, counsel for the parties shall keep all materials designated as Confidential Material which are received under the Protective Order secure within their exclusive possession and shall place such materials in a secure area.

8. <u>Subpoenas.</u>

If any party is served with a subpoena requiring the served party to produce the originating party's Confidential Material, notice shall be given to the originating party promptly, and the originating party shall take reasonable steps (with which all parties shall reasonably cooperate) to ensure that such materials are not disclosed.

9. <u>Copies.</u>

All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of Confidential or Attorney's Eyes Only Material, or any portion thereof, shall be immediately affixed with the word "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY," as appropriate, if these words do not already appear.

10. <u>Use of Material in Litigation and Trial.</u>

(a) To the extent that any answers to interrogatories, transcripts or videotapes of depositions, responses to requests for admissions, or any other papers or materials filed or lodged with the Court reveal or tend to reveal materials or information claimed to be Confidential Material, any portion thereof containing confidential information shall be filed under seal by the filing party with the clerk of the court in an envelope marked "SEALED." A reference to this Stipulation and the Protective Order shall also be made on the envelope. An application to permit under seal filing, and a Proposed Order, shall be concurrently filed.

(b) No information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by paragraph 10, subdivision (a) of the Protective Order unless the party claiming a need for greater protection moves for and obtains from the Court an order providing such special protection. Any such motion must be made within 30 days of service of the response claiming the need for greater discovery.

(c) The designation of confidentiality by a party may be challenged by any party upon noticed motion. The movant must accompany such a motion with statement showing a reasonable and good faith attempt at an informal resolution of each issue presented by the

6

*Stipulation for Protective Order Regarding Production of Certain Documents and (Proposed) Order Thereon*

LOSANGELES 327278v1 52218-00023

motion. The party prevailing on any such motion shall be entitled to recover as motion costs its reasonable attorney's fees and costs attributable to the motion, if the Court so Orders.

(d) Within 60 days after the conclusion of the litigation (including any appeals), all Confidential Material, including all copies as defined in paragraph 9, shall be returned to the originating party. If the parties so stipulate, the materials may be destroyed.

11. <u>Privileged Documents.</u>

Nothing contained in the Protective Order is intended to require the production of non-relevant or privileged documents or to prevent a party from withholding production on those or any other grounds.

12. <u>Remedies.</u>

The parties to this Stipulation agree that the United States District Court in and for the Northern District of California shall have continuing jurisdiction over any and all disputes arising out of this Stipulation and Protective Order. Any party who violates the Protective Order will be subject to all available remedies, including but not limited to, monetary sanctions.

DATED: November 20, 2006           JENKENS & GILCHRIST, LLP


                                    By: _____
                                        SABRINA L. SHADI
                                        Attorneys for Defendant
                                        PECHINEY PLASTIC PACKAGING, INC.


DATED: November 15, 2006           LAW OFFICE OF A.J. SPERBER


                                    By: _____
                                        ANTHONY J. SPERBER
                                        Attorney for Plaintiff ROBERT HURLEY

---

7

*Stipulation for Protective Order Regarding Production of Certain Documents and (Proposed) Order Thereon*

LOSANGELES 327278v1 52218-00023

## ATTACHMENT "A"

## NON-DISCLOSURE AGREEMENT

I, _____, do solemnly swear that I am aware of the terms of the Stipulation For Protective Order Regarding Production of Certain Documents and the Protective Order Thereon entered in *Robert Hurley v. Pechiney Plastic Packaging, Inc.*, USDC Northern District of California Case No. C 05-05028 JSW, and hereby agree to comply with and be bound by the terms and conditions of said Stipulation and Protective Order unless and until modified by further order of this Court. I hereby consent to the jurisdiction of said Court for the purposes of enforcing such Stipulation and Protective Order. I also understand that any violation of the Stipulation and Protective Order by me or anyone acting under my direction may be subject to penalties for contempt.

DATED:_____, 2006          _____
                                    (Signature)

8

*Stipulation for Protective Order Regarding Production of Certain Documents and (Proposed) Order Thereon*

LOSANGELES 327278v1 52218-00023

1  **ORDER**

2  Based upon the foregoing Stipulation, and finding good cause therefor, it is hereby

3  ORDERED that:

4  The Protective Order regarding Production of Certain Documents is hereby GRANTED.

5

6  DATED: _____, 2006

_____
Honorable Jeffrey S. White
7  UNITED STATES DISTRICT COURT
JUDGE

1

*ORDER*

LOSANGELES 327278v1 52218-00023

## AUTHORIZATION TO RELEASE RECORDS AND INFORMATION

| TO: | RELEASING PARTY: | RELEASE TO: |
|---|---|---|
| SOCIAL SECURITY ADMINISTRATION | NAME: ROBERT D. HURLEY<br><br>SSN: 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 | ANTHONY SPERBER/ROBERT HURLEY<br>c/o MVP DOCUMENT IMAGING<br>807 "B"Kearney Avenue<br>Modesto, CA  95350 |

LOSANGELES 322447v3 52218-00023

**EXHIBIT B-1**

**INFORMATION REQUESTED:**

I request and authorize the Social Security Administration and its employees and doctors to release to my representatives any and all records regarding evaluation and determination of disability and disability benefits paid to Robert Hurley, including without limitation a copy of the complete file, progress notes and interview notes, operative reports, x-ray and all imagery, laboratory tests, pathology tissue, and all diagnostic studies whether in electronic data or other format.

**PURPOSE(S) OR NEED FOR WHICH INFORMATION IS TO BE USED:**

*Robert Hurley v. Pechiney Plastic Packaging, Inc.*, United States District Court for the Northern District of California, Case No. C 05-05028 JSW

**CERTIFICATION:** I certify that this request has been made voluntarily and that the information given above is accurate to the best of my knowledge. I understand that I may revoke this Authorization at any time, provided that revocation is in writing, except to the extent that action has already been taken in reliance this Authorization. I understand the potential for the information disclosed pursuant to this Authorization to be subject to redisclosure by the recipient and no longer be protected by the Standards for Privacy of Individually Identifiable Health Information, set forth at 45 CFR Parts 160 and 164.

A copy of this Authorization or my signature thereon shall be used with the same effectiveness as an original.

**EXPIRATION:** This Authorization will automatically expire upon completion of the litigation captioned *Robert Hurley v. Pechiney Plastic Packaging, Inc.* now pending in U.S. District Court for the Northern District of California.

**SIGNATURE OF RELEASING PARTY:**

November ___, 2006        _____
                                    ROBERT D. HURLEY

**EXHIBIT B-2**

**PROOF OF SERVICE**

STATE OF CALIFORNIA    )
                       ) ss.
COUNTY OF LOS ANGELES  )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 12100 Wilshire Boulevard, 15th Floor, Los Angeles, California 90025.

On November 29, 2006, I served the foregoing document described as **AMENDED STIPULATION RE RELEASE OF ROBERT HURLEY RECORDS BY THE SOCIAL SECURITY ADMINISTRATION TO AGENT ACTING ON BEHALF OF PECHINEY PLASTIC PACKAGING AND [PROPOSED] ORDER** on the following interested party in this action by placing a true copy thereof, enclosed in a sealed envelop addressed as follows:

Anthony J. Sperber, Esq.
LAW OFFICE OF A.J. SPERBER
1808 6th Street
Berkeley, CA 94710
Telephone No.: (510) 845-8844
Facsimile No.: (510) 845-1998

[ X ] **BY MAIL**: I placed true copies of the foregoing document in sealed envelopes addressed as stated on the above/attached service list. I placed such envelope, with postage thereon fully prepaid, for collection and mailing at Jenkens & Gilchrist, Los Angeles, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice the mail would be deposited with the U. S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] **PERSONAL:** I personally delivered such envelope by hand to the address above.

[ ] **BY FAX:** I served the foregoing document on the interested parties in this action by transmitting the above-referenced document to the above-mentioned at the following telecopy number.

[ ] **ELECTRONICALLY BY LEXIS/NEXIS FILE & SERVE**

[ ] **BY OVERNITE EXPRESS:** I served the foregoing document on the interested parties in this action by placing the document(s) listed above to be delivered via Overnite Express in a sealed envelope at Los Angeles, California addressed as set forth below.

I declare under penalty pursuant to the laws of the United States that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on November 29, 2006 in Los Angeles, California.

CHARLENE E. STAMPS

*PROOF OF SERVICE*

LOSANGELES 327565v1 52218-00023